In the Matter of the Application of MITSUI & Co., LTD., Petitioner, Appellant, for an Order Directing That an Arbitration Proceed between the Said MITSUI & Co., LTD., and BENJAMIN SCHNEIR and Others, Doing Business under the Firm Name and Style of RELIABLE BINDING & CURTAIN Co., Respondents.

(Consolidated Appeals.)

First Department, December 23, 1938.

*Albert Levine* of counsel [*Levine & Levine,* attorneys], for the appellant.

*Aaron Rosen* of counsel [*Martin Blau* with him on the brief; *Otterbourg, Steindler & Houston,* attorneys], for the respondents.

COHN, J. This proceeding was brought to compel arbitration of the controversy between the parties. The application was granted to the extent of directing a trial by jury of two framed issues. The first of the questions was " whether there was a binding and existing contract between the petitioner and respondents, as alleged in the petition." The second issue as framed, in

substance, was whether the alleged agreement violated the Statute of Frauds (Pers. Prop. Law, § 85).

At a trial which followed, upon the direction of the trial court, the jury answered both framed issues in the negative. An order was thereupon made and entered by the trial justice denying the motion to compel arbitration.

Although it is contended that the trial court upon the trial of the issues framed, erred in refusing to permit certain evidence to be introduced, we are of the view that the rulings made were proper.

Aside from this claimed error, petitioner asserts that the final order denying its motion to compel arbitration should have been made upon a motion at Special Term and not by the trial justice. Petitioner relies upon the provisions of section 495 of the Civil Practice Act which set forth the procedure for entering judgment upon a special verdict.

Were it not for the fact that the Legislature has recently enacted a specific provision with respect to a special verdict in a proceeding to compel arbitration there might have been some merit to petitioner's claim of irregularity. Under section 1450 of the Civil Practice Act (Laws of 1937, chap. 341) it is now provided: "Whenever an immediate trial is ordered the order therefor shall provide that if the court, or where a jury has been demanded, the jury, find that a written contract providing for arbitration was made or a submission was entered into, as the case may be, and that there was a failure to comply therewith, the parties shall proceed with the arbitration in accordance with the terms of the contract or submission, and said order shall provide that if the court or jury, as the case may be, find that there was no such contract or submission or failure to comply therewith then the proceeding shall be dismissed."

In directing a trial of the issues raised upon the motion to require arbitration the Special Term omitted to insert in its order the provision prescribed in the aforementioned statute. Had there been a compliance with the statute, it would have been unnecessary to enter any further order in the proceedings. The Legislature undoubtedly intended that such an order was automatically to become final, and by that method to eliminate the necessity for a further order directing arbitration or dismissing the proceeding after a determination of the issues as to the making of the contract or submission or failure to comply therewith.

While the making of the order at Trial Term was not in strict accord with the proper practice, the petitioner was not aggrieved by the irregularity which was due to the failure of Special Term to insert in its order the provision outlined in section 1450 of the

Civil Practice Act. No possible benefit could now be derived by petitioner in having an order made at Special Term on the verdict of the jury. The result would be the same as that already reached. Accordingly, the orders should be affirmed, with costs.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Orders unanimously affirmed, with costs and disbursements.