■ ALLEN H. WEISS, Respondent, v ALLEN J. KOZUPSKY, Appellant. [656 NYS2d 907] —In an action to compel an accounting, the defendant appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated March 13, 1996, which denied his motion for summary judgment dismissing the action.

Ordered that the order is modified by adding a provision thereto directing a hearing pursuant to CPLR 7503 (a) as to whether a valid agreement to arbitrate exists; as so modified, the order is affirmed, without costs or disbursements.

This matter concerns the breakup of the parties' law partnership. The defendant asserts, *inter alia,* that the terms of the dissolution were memorialized in an unexecuted written agreement (hereinafter the unexecuted agreement) which the parties adopted and adhered to, and which contained an arbitration clause. The plaintiff alleges that there was an agreement to dissolve the parties' law partnership (hereinafter the dissolution agreement), but denies that the unexecuted agreement has any legal effect, or that he agreed to arbitrate any disputes arising out of the dissolution agreement.

A dispute arose as to whether the defendant made the payments called for by the dissolution agreement and the plaintiff commenced this action for an accounting. The defendant served an answer, asserting, *inter alia,* as an affirmative defense, that the parties had agreed to arbitrate any disputes arising out of the dissolution. Therefore, he contends, the action should be stayed and the parties should be directed to proceed to arbitration. Thereafter, the defendant moved to dismiss this action and, in effect, also moved to compel arbitration. The Supreme Court denied the motion based on the existence of factual issues.

The Supreme Court correctly denied the defendant's motion since the existence of an arbitration agreement would not entitle the defendant to dismissal of this action but merely to a stay thereof *(see, Allied Bldg. Inspectors Intl. Union of Operating Engrs. v Office of Labor Relations,* 45 NY2d 735; *Blatt v Sochet,* 199 AD2d 451). However, it is clear from the record that a real controversy exists as to whether or not there was an enforceable agreement to arbitrate any disputes arising out of the parties' dissolution agreement *(see generally, Brown Bros. Elec. Contr. v Beam Constr. Corp.,* 41 NY2d 397; *L.N.L. Constr. v M.T.F. Indus.,* 190 AD2d 714; *see also, Matter of Helen Whiting, Inc. [Trojan Textile Corp.],* 307 NY 360, 367-368; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7501:1, at 253; *see also, Crawford v Merrill Lynch, Pierce, Fenner & Smith,* 35 NY2d 291). Under these circumstances, the court should have directed a hearing as to whether or not there was an enforceable arbitration agreement (CPLR 7503 [a]; *see, Matter of Welton Becket Assocs. v LLJV Dev. Corp.,* 193 AD2d 478; *see also, Matter of Mitsui & Co. Ltd. [Schneir],* 255 App Div 620).

The plaintiff's remaining contention is without merit. Pizzuto, J. P., Friedmann, Florio and McGinity, JJ., concur.