■ In the Matter of JAMES D. O'DONNELL, Respondent, v ARROW ELECTRONICS, INC., Appellant. [742 NYS2d 579] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, Arrow Electronics, Inc., appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated May 10, 2000, which granted the petition and denied its cross motion to dismiss the petition and compel arbitration.

Ordered that the order is affirmed, with costs.

The threshold issue of whether a valid agreement to arbitrate exists is for the court and not an arbitrator to decide (*see Matter of Primex Intl. Corp. v Wal-Mart Stores,* 89 NY2d 594, 598; *Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 6). The subject employment agreement between the petitioner and the appellant's predecessor, which contained an arbitration clause, explicitly provided that it could not be assigned without the consent of the parties to the agreement. Although a valid agreement to arbitrate existed between the petitioner and the appellant's predecessor, the petitioner refused to consent to the assignment of the agreement. In addition, the appellant's agreement to purchase the assets of a division of the predecessor company specifically provided that business contracts, such as the employment agreement, which required consent for assignment, would not be transferred as part of the sale if consent was withheld. Consequently, there is no agreement to arbitrate between the petitioner and the appellant.

Contrary to the appellant's contention, the mere fact that the petitioner accepted a one-time payment made pursuant to a termination clause in the employment agreement does not demonstrate that he intended to be bound by the terms of the employment agreement, particularly under the circumstances presented here (*compare Hendler & Murray v Lambert,* 67 NY2d 831; *Nussdorf v Esses & Co.,* 63 AD2d 619).

Accordingly, the Supreme Court properly granted the peti-

tion to stay arbitration and denied the appellant's cross motion to dismiss the petition and compel arbitration (*see Matter of Waldron [Goddess],* 61 NY2d 181). Altman, J.P., McGinity, Townes and Crane, JJ., concur.