In the Matter of AT&S TRANSPORTATION, LLC, Respondent, v ODYSSEY LOGISTICS & TECHNOLOGY CORP., Appellant. [803 NYS2d 118]—

In a proceeding pursuant to CPLR article 75 to compel arbitration, the appeal is from an order of the Supreme Court, Westchester County (Bellantoni, J.), dated June 25, 2004, which granted the petition.

Ordered that the order is affirmed, with costs.

Pursuant to an asset purchase agreement (hereinafter the purchase agreement), AT&S Acquisition Corp. (hereinafter Acquisition Corp.) purchased substantially all of the assets of AT&S Transportation, LLC (hereinafter AT&S), used in its business of developing, marketing, selling, and licensing software for the shipping and transportation industries bearing the trade name "MetaFreight." Pursuant to the purchase agreement, Acquisition Corp. agreed to make royalty payments to AT&S, including a mandatory minimum royalty payment, with respect to the MetaFreight Software. Acquisition Corp. is or was a wholly owned subsidiary of Rely Software, Inc. (hereinafter Rely), which guaranteed payment of the purchase price to AT&S. The purchase agreement provided that any dispute arising from the transaction would be resolved by binding arbitration. Subsequently, Acquisition Corp. and Rely entered into an asset transfer agreement (hereinafter the transfer agreement) with Odyssey Logistics & Technology Corp. (hereinafter Odyssey). AT&S alleges that Acquisition Corp., Rely, and Odyssey failed to make the minimum royalty payment. In accordance with the purchase agreement, AT&S sought to enforce its rights by commencing an arbitration proceeding before the American Arbitration Association. Odyssey rejected the demand to arbitrate, claiming that it was not bound by the arbitration provision because it was not a party, an assignee, or a successor to the purchase agreement. AT&S moved to compel Odyssey to arbitrate. The Supreme Court granted the petition, finding that the transaction between Odyssey, Rely, and Acquisition Corp. constituted a de facto merger and, as a result, Odyssey was

bound by the mandatory arbitration clause in the purchase agreement.

The threshold issue, whether or not a valid agreement to arbitrate exists, is for the courts, and not the arbitrator to decide (*see Matter of O'Donnell v Arrow Elecs.*, 294 AD2d 581 [2002]). A party may not be compelled to arbitrate a dispute unless there is evidence which affirmatively establishes that the parties clearly, explicitly, and unequivocally agreed to arbitrate the dispute (*see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 10 AD3d 671 [2004], *lv granted* 5 NY3d 707 [2005]). Here, pursuant to the purchase agreement, a valid agreement to arbitrate existed between AT&S, Rely, and Acquisition Corp.

The purchaser of a corporation's assets ordinarily does not, as a result of the purchase, become liable for the debts of its predecessor (*see Schumacher v Richards Shear Co.*, 59 NY2d 239, 244-245 [1983]). However, there are four exceptions to this rule. Generally, the buyer is not liable for the liabilities of the seller unless: "(1) [the buyer] expressly or impliedly assumed the predecessor's tort liability; (2) there was a consolidation or merger of seller and purchaser; (3) the purchasing corporation was a mere continuation of the selling corporation; or (4) the transaction is entered into fraudulently to escape [such] obligations" (*Klumpp v Bandit Indus., Inc.*, 113 F Supp 2d 567, 571 [2000] [internal quotation marks omitted]; *see Schumacher v Richards Shear Co., supra* at 244-245; *Sweatland v Park Corp.*, 181 AD2d 243, 245 [1992]). A transaction structured as a purchase of assets may be deemed to fall within this exception as a de facto merger (*see Matter of New York City Asbestos Litig.*, 15 AD3d 254 [2005]).

The hallmarks of a de facto merger are the "continuity of ownership; cessation of ordinary business and dissolution of the [predecessor] as soon as possible; assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and, continuity of management, personnel, physical location, assets and general business operation" (*Fitzgerald v Fahnestock & Co.*, 286 AD2d 573, 574 [2001]). These factors are analyzed in a flexible manner that disregards mere questions of form and asks whether, in substance, it was the intent of the successor to absorb and continue the operation of the predecessor (*see Nettis v Levitt*, 241 F3d 186 [2001]; *City of New York v Pfizer & Co.*, 260 AD2d 174 [1999]).

AT&S presented sufficient evidence to establish all four factors needed to demonstrate the existence of a de facto merger.

Pursuant to the transfer agreement between Odyssey, Rely, and Acquisition Corp., in consideration for the transfer of shares of Odyssey stock, substantially all of the assets of Rely and Acquisition Corp. were purchased or licensed by Odyssey. The real property of the predecessor corporation was transferred or assumed by Odyssey. Odyssey offered employment to its predecessor's employees, hired two of its predecessor's management personnel, assumed the contracts of independent contractors, agreed to honor the predecessor's customer service contracts, and received the predecessor's business insurance policy. Moreover, pursuant to the transfer agreement, Rely could no longer use its trade name and the transaction was deemed a liquidation of Rely. Furthermore, upon liquidation, the shares of Odyssey stock were to be distributed to Rely's preferred stockholders. The fact that Rely did not immediately liquidate is not dispositive. So long as the acquired corporation is shorn of its assets and has become, in essence, a shell, legal dissolution is not necessary before a finding of a de facto merger will be made (*see Fitzgerald v Fahnestock & Co., supra* at 576; *Ladenburg Thalmann & Co. v Tim's Amusements*, 275 AD2d 243, 248 [2000]). Odyssey failed to submit evidence of a triable issue of fact sufficient to refute AT&S's prima facie showing that the transaction between it, Rely, and Acquisition Corp. constituted a de facto merger. Accordingly, the Supreme Court correctly granted the petition to compel arbitration. Adams, J.P., Luciano, Mastro and Skelos, JJ., concur.