◼ In the Matter of SHIMSON JALAS et al., Respondents-Appellants, v ISRAEL HALPERIN et al., Appellants-Respondents. [927 NYS2d 659]—

Motion by the respondents-appellants for leave to reargue appeals and cross appeals from two orders of the Supreme Court, Kings County, dated November 25, 2008, and November 6, 2009, respectively, which were determined by decision and order of this Court dated December 28, 2010, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the branch of the motion which is for leave to reargue is granted and the motion is otherwise denied; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated December 28, 2010 (*Matter of Jalas v Halperin*, 79 AD3d 1126 [2010]), is recalled and vacated, and the following decision and order is substituted therefor:

In a proceeding, inter alia, pursuant to CPLR article 75 to confirm an arbitration award, (1) Israel Halperin, H.B. International, Ltd., and the Estate of Rae Ricky Halperin appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated November 25, 2008, which granted the petitioners' motion to confirm an order of attachment of the same court dated February 11, 2008, and to confirm an arbitration award by a rabbinical court dated August 27, 2007, which was in favor of the petitioners and against them in the sum of $993,210.82, (2) Israel Halperin and H.B. International, Ltd., appeal, as limited by their brief, from so much of an order of the same

court dated November 6, 2009, as denied their cross motion, in effect, to vacate the arbitration award and the attachment insofar as it applies to them and to continue the matter before another arbitration body or the Supreme Court, New York County, and granted that branch of their separate cross motion which was to vacate the order dated November 25, 2008, only to the extent of holding the order dated November 25, 2008, in abeyance, in effect, pending a new determination by the rabbinical court concerning the Estate of Rae Ricky Halperin, (3) the Estate of Rae Ricky Halperin separately appeals, as limited by its notice of appeal and brief, from stated portions of the order dated November 6, 2009, which, inter alia, granted that branch of the petitioners' motion which was to remit the matter to the rabbinical court for further proceedings upon notice to Adina S. Halperin, as administrator of the estate of Rae Ricky Halperin, and its distributees, and (4) the petitioners cross-appeal from so much of the order dated November 6, 2009, as granted the cross motion of Adina S. Halperin, as administrator of the estate of Rae Ricky Halperin, in effect, to vacate the arbitration award insofar as it applies to the Estate of Rae Ricky Halperin.

Ordered that the order dated November 6, 2009, is modified, on the law, (1) by deleting the provision thereof granting that branch of the petitioners' motion which was to remit the matter to the rabbinical court for further proceedings upon notice to Adina S. Halperin, as administrator of the estate of Rae Ricky Halperin, and the distributees of that estate, and substituting therefor a provision granting that branch of the motion to the extent of remitting the matter to the rabbinical court to issue a new award against Israel Halperin and H.B. International, Ltd., and otherwise denying that branch of the motion, (2) by deleting the provision thereof denying that branch of the cross motion of Israel Halperin and H.B. International, Ltd., which was, in effect, to vacate the attachment insofar as it applies to them, and substituting therefor a provision granting that branch of the cross motion, and (3) by deleting the provision thereof granting that branch of the cross motion of Israel Halperin and H.B. International, Ltd., which was to vacate the order dated November 25, 2008, only to the extent of holding the order dated November 25, 2008, in abeyance, in effect, pending a new determination by the rabbinical court concerning the Estate of Rae Ricky Halperin, and substituting therefor a provision granting that branch of the cross motion in its entirety; as so modified, the order dated November 6, 2009, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the appeal from the order dated November 25,

2008, is dismissed as academic in light of our determination on the appeal from the order dated November 6, 2009; and it is further,

Ordered that one bill of costs is awarded to the Estate of Rae Ricky Halperin, payable by the petitioners.

In September 2005, the petitioner Goldmark, Inc. (hereinafter Goldmark), commenced an action against Israel Halperin (hereinafter Israel) and H.B. International Ltd. (hereinafter H.B. International). The petitioner Shimson Jalas is the principal of Goldmark. The parties subsequently agreed to submit the matter to arbitration before the rabbinical court Mechon L'Hoyroa. On July 13, 2006, Israel signed an agreement to arbitrate, individually, on behalf of H.B. International, and "as agent" for his wife, Rae Ricky Halperin (hereinafter the decedent). On July 30, 2006, the decedent signed a power of attorney authorizing Israel to appear for her. The decedent died intestate on April 18, 2007, without having appeared before the rabbinical court or otherwise participating in the proceedings.

In June 2007, Israel executed a renunciation and disclaimer with respect to the decedent's estate, consisting solely of their home, which he had previously transferred to her. In August 2007, the rabbinical court rendered an award in favor of Jalas and Goldmark. Jalas and Goldmark (hereinafter together the petitioners) subsequently commenced this proceeding to confirm the award, and for a prejudgment attachment of the assets of Israel, H.B. International, and the decedent's estate (hereinafter the Estate). In an order dated February 11, 2008, the Supreme Court granted the attachment. The petitioners then moved to confirm the order of attachment and the arbitration award.

In an order dated November 25, 2008, the Supreme Court granted the petitioners' motion to confirm the order of attachment and the arbitration award. Israel and H.B. International cross-moved, inter alia, to vacate the order dated November 25, 2008. The petitioners moved, among other things, to remit the matter to the rabbinical court for further proceedings if the court determined that the award was defective under CPLR 7512.

After Adina S. Halperin (hereinafter the Administrator) was appointed as Administrator of the Estate, she cross-moved, in effect, to vacate the arbitration award insofar as it applies to the Estate pursuant to CPLR 7511 (b) (1) (iv) and (2) (ii). Israel and H.B. International then cross-moved, in effect, to vacate the arbitration award and the attachment insofar as it applies to them on the grounds of misconduct or prejudice by the

arbitrators, and, to the extent the award was vacated, to direct the parties to complete the litigation of the action in arbitration before the American Arbitration Association, or, in the alternative, in the Supreme Court, New York County.

In an order dated November 6, 2009, the Supreme Court, inter alia, granted the Administrator's cross motion, in effect, to vacate the arbitration award insofar as it applies to the Estate. However, the court also granted that branch of the petitioners' motion which was to remit the matter to the rabbinical court to issue a new arbitration award upon notice to the Administrator and the distributees of the Estate. Additionally, the court granted that branch of the cross motion of Israel and H.B. International which was to vacate the order dated November 25, 2008, but only to the extent of holding that order in abeyance, in effect, pending a new determination by the rabbinical court concerning the Estate. The court denied the separate cross motion of Israel and H.B. International, in effect, to vacate the arbitration award and the attachment insofar as it applies to them, and to continue the matter before another arbitration panel or the Supreme Court.

The Supreme Court erred in granting the branch of the petitioners' motion which was to remit the matter to the rabbinical court to issue a new arbitration award against the Estate. In doing so, the Supreme Court "assum[ed] that a valid written agreement [to arbitrate] was made on behalf of [the decedent]," and declined to address the Administrator's contention that the decedent was never a party to the arbitration agreement. The court noted that the rabbinical court found that the decedent was a signatory to the agreement, and declined to interfere with that determination. This was error. The issue of whether there is a clear, unequivocal, and extant agreement to arbitrate is for the court and not the arbitrator to determine (*see Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 598 [1997]; *Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 6-8 [1980]; *Matter of Perciballi Assoc., LP v Corporate Natl. Realty, LLC*, 74 AD3d 976 [2010]; *Matter of O'Donnell v Arrow Elecs.*, 294 AD2d 581 [2002]). Accordingly, in the first instance, the Supreme Court should have addressed the parties' contentions regarding the existence of a valid agreement to arbitrate.

Since the record herein allows this Court to make a determination as to the validity of the agreement to arbitrate, we make such a determination in the interest of judicial economy, rather than remitting the matter to the Supreme Court (*cf. Weiss v Kozupsky*, 237 AD2d 514 [1997]). We find that the decedent was

not a signatory to the arbitration agreement and, therefore, was not a proper party to the arbitration. "A party to an agreement may not be compelled to arbitrate its dispute with another unless the evidence establishes the parties' 'clear, explicit and unequivocal' agreement to arbitrate" (*God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006], quoting *Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984]; *see Matter of Fiveco, Inc. v Haber*, 11 NY3d 140, 144 [2008]; *Schubtex, Inc. v Allen Snyder, Inc.*, 49 NY2d 1, 6 [1979]; *Matter of State Farm Mut. Auto. Ins. Co. v Juma*, 44 AD3d 963 [2007]). Here, it is undisputed that the subject arbitration agreement was signed by Israel "as agent" for the decedent. The Estate correctly argues, however, that Israel was not empowered to sign "as agent" for the decedent, since the power of attorney dated July 30, 2006, was signed 17 days after the date of the arbitration agreement. While the petitioners submitted an additional power of attorney, dated July 12, 2006, bearing the decedent's signature, the record does not support their contention that the power of attorney dated July 12, 2006, was submitted to, or considered valid by, the rabbinical court. This Court also credits as uncontroverted Israel's affidavit, submitted in support of the cross motion of Israel and H.P. International, inter alia, in effect, to vacate the arbitration award and the attachment insofar as it applies to them, wherein Israel averred that he did not have a power of attorney from his wife when he signed the arbitration agreement dated July 13, 2006.

We note that the Supreme Court was without jurisdiction to issue the order dated November 25, 2008, insofar as it applied to the Estate before an administrator was appointed to represent the Estate. Moreover, since the decedent was not a proper party to the arbitration, the Supreme Court was without jurisdiction over the Estate to issue the order dated November 25, 2008, granting the petitioners' motion to confirm the arbitration award and the attachment. Accordingly, the Supreme Court properly granted the Administrator's cross motion to vacate the arbitration award. However, the Supreme Court erred in denying that branch of the cross motion of Israel and H.B. International, which was, in effect, to vacate the attachment insofar as it applies to them, and the Supreme Court also should have granted that branch of their separate cross motion which was to vacate the order dated November 25, 2008.

The parties' remaining contentions either are without merit or have been rendered academic. Florio, J.P., Dickerson, Belen and Austin, JJ., concur.