■ AKIVA BANDA, Appellant, v LYNCH PARK, LLC, Respondent, et al., Defendants. [980 NYS2d 837]—

In an action, inter alia, to recover damages for breach of contract and to confirm an arbitration award, the plaintiff appeals from an order of the Supreme Court, Kings County (Bunyan, J.), entered February 4, 2013, which granted the cross motion of the defendant Lynch Park LLC for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the cross motion of the defendant Lynch Park, LLC (hereinafter the respondent) for summary judgment dismissing the complaint insofar as asserted against it. The respondent established, prima facie, that it did not enter into a contract with the plaintiff for the sale of any property owned by it and, thus, the respondent was entitled to judgment as a matter of law dismissing the plaintiff's breach of contract, unjust enrichment, and specific performance causes of action (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 559 [1980]). Moreover, with respect to the cause of action to confirm an arbitration award, the respondent established its prima facie entitlement to judgment as a matter of law by proving that it was not a signatory to the arbitration agreement and, thus, was

not a proper party to the arbitration (*see Matter of Jalas v Halperin*, 85 AD3d 1178, 1182 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact as to any of the causes of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Balkin, Chambers and Cohen, JJ., concur.