*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    519497
_____

FIRSTAIR GROUP, INC.,

                    Respondent,

        v

ROBERT D. KREB JR. et al.,

                    Defendants,

        and                                    MEMORANDUM AND ORDER

COVENANT ALLIANCE GROUP, INC.,
    Formerly Known as AUTOMOTIVE
    RESOURCE NETWORK HOLDINGS,
    INC.,

                    Appellant.
_____


Calendar Date:  February 17, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                        _____


        Bond Schoeneck & King, PLLC, Syracuse (Daniel J. Pautz of
counsel), for appellant.

                        _____


Clark, J.

        Appeal from an order of the Supreme Court (O'Shea, J.),
entered October 3, 2013 in Chemung County, which denied a motion
by defendant Covenant Alliance Group, Inc. to dismiss the
complaint against it.

        In September 2011, defendant Robert D. Kreb Jr., doing
business as defendant Covenant Flight Group, a sole
proprietorship, entered into a contract with plaintiff to
purchase an aircraft.  The agreement, which was personally
guaranteed by Kreb, provided that Covenant Flight Group would

make monthly installment payments through August 2013, at which point plaintiff would deliver clear title to Covenant Flight Group. In 2013, Covenant Flight Group entered into an asset purchase agreement with defendant Covenant Alliance Group, Inc., then known as Automotive Resource Network Holdings, Inc. (hereinafter defendant), whereby defendant agreed to purchase Covenant Flight Group's equity in the aircraft and appoint Kreb a member of its board of directors in exchange for 600,000 shares of defendant's stock. Defendant subsequently learned that Covenant Flight Group was delinquent on its payment obligations and terminated the asset purchase agreement.

Thereafter, plaintiff commenced this action against defendants for breach of contract, alleging that defendant, as assignee of Covenant Flight Group, is liable for the default. Defendant then moved to dismiss the complaint against it pursuant to CPLR 3211. Supreme Court denied the motion, finding that, although the asset purchase agreement clearly stated that defendant did not acquire any of the liabilities of Covenant Flight Group, plaintiff's assertions of a de facto merger, which could render defendant liable to plaintiff, required denial of defendant's motion. Defendant now appeals and we reverse.

While a corporation that purchases the assets of another is generally not liable for the debts of the acquired corporation (see generally State Farm Fire & Cas. Co. v Main Bros. Oil Co., 101 AD3d 1575, 1578 [2012]), there are several exceptions to this rule, which include, as is relevant here, an instance where "there was a consolidation or merger of seller and purchaser" (Schumacher v Richards Shear Co., 59 NY2d 239, 245 [1983]). This exception has been found to apply even in the absence of a formal merger agreement (see Matter of AT&S Transp., LLC v Odyssey Logistics & Tech. Corp., 22 AD3d 750, 752 [2005]). Here, although the record demonstrates the presence of some facts often relevant to the determination of de facto merger (see State Farm Fire & Cas. Co. v Main Bros. Oil Co., 101 AD3d at 1578; Matter of AT&S Transp., LLC v Odyssey Logistics & Tech. Corp., 22 AD3d at 752), the dispositive factor is that New York law bars merger of a corporation with a "natural person" or sole proprietorship (Business Corporation Law § 901 [b] [7]; see Business Corporation Law § 901 [c]; Hamilton Equity Group, LLC v Juan E. Irene, PLLC,

101 AD3d 1703, 1705-1706 [2012]).  To the extent that Covenant Flight Group is a sole proprietorship, it cannot merge with defendant as a matter of law and, therefore, defendant's motion pursuant to CPLR 3211 (a) (7) should have been granted.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the order is reversed, on the law, with costs, motion granted and complaint dismissed against defendant Covenant Alliance Group, Inc.

ENTER:

Robert D. Mayberger
Clerk of the Court