Golden Mtn. Income, LLC v Spencer Gifts, LLC (2018 NY Slip Op 05577)





Golden Mtn. Income, LLC v Spencer Gifts, LLC


2018 NY Slip Op 05577


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2015-09197
2015-09198
 (Index No. 34071/11)

[*1]Golden Mountain Income, LLC, appellant-respondent,
v
Spencer Gifts, LLC, respondent-appellant, et al., defendants. (Appeal No. 1)
Golden Mountain Income, LLC, respondent,
v Spencer Gifts, LLC, appellant, et al., defendants. (Appeal No. 2)


Goldberg Rimberg & Weg PLLC, New York, NY (Steven A. Weg and Israel Goldberg of counsel), for appellant-respondent in Appeal No. 1 and respondent in Appeal No. 2.
Hill Rivkins LLP, New York, NY (Brian P. R. Eisenhower of counsel), for respondent-appellant in Appeal No. 1 and appellant in Appeal No. 2.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, (1) the defendant Spencer Gifts, LLC, appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated July 30, 2014, and (2) the plaintiff appeals and the defendant Spencer Gifts, LLC, cross-appeals from a judgment of the same court entered August 25, 2015. The order denied the motion of the defendant Spencer Gifts, LLC, for summary judgment dismissing the second amended complaint insofar as asserted against it. The judgment, upon an order of the same court dated August 11, 2015, granting the motion of the defendant Spencer Gifts, LLC, pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law, is in favor of the defendant Spencer Gifts, LLC, and against the plaintiff dismissing the second amended complaint insofar as asserted against that defendant.
ORDERED that the appeal from the order dated July 30, 2014, and the cross appeal from the judgment are dismissed; and it is further,
ORDERED that the judgment is reversed, the motion of the defendant Spencer Gifts, LLC, pursuant to CPLR 4401 for judgment as a matter of law is denied, the order dated August 11, 2015, is modified accordingly, and the matter is remitted to the Supreme Court, Rockland County, for a new trial; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The defendant DNP Sales & Marketing, Inc. (hereinafter DNP), sold merchandise, [*2]including jewelry, to the defendant Spencer Gifts, LLC (hereinafter Spencer), to be sold in Spencer's retail stores pursuant to various purchase agreements. The plaintiff, Golden Mountain Income, LLC, loaned money to DNP pursuant to a loan factoring agreement that was secured by DNP's accounts receivables. In a letter dated May 14, 2009, DNP advised Spencer of its loan factoring agreement with the plaintiff and that the letter "serves as your irrevocable authority to pay all current and future invoices directly and solely to [the plaintiff]" at a given address. The letter also stated that "[t]his arrangement will remain in effect unless revoked in writing by [the plaintiff]." It is undisputed that the aforementioned arrangement was never revoked by the plaintiff. After allegedly making payments pursuant to the May 14, 2009, letter for a period of time, Spencer ceased doing so. At around the same time, Spencer ceased doing business with DNP and began doing business with the defendant Forshay Marketing Corp. (hereinafter Forshay), which sold jewelry to Spencer for sale at Spencer's retail stores, and paying Forshay's invoices directly to Forshay.
The plaintiff commenced this action alleging, inter alia, that it was a third-party beneficiary to the purchase agreements between DNP and Spencer, that Forshay was DNP's successor such that it assumed DNP's obligations under the loan factoring agreement, that Spencer knew that Forshay succeeded DNP when Spencer paid Forshay's invoices directly to Forshay, and that under these circumstances, Spencer was liable in breach of contract to the plaintiff for the payments it made directly to Forshay instead of to the plaintiff. Following the completion of discovery, Spencer moved for summary judgment dismissing the second amended complaint insofar as asserted against it. In an order dated July 30, 2014, the Supreme Court denied the motion.
The action proceeded to a jury trial. At the close of the plaintiff's case, Spencer moved pursuant to CPLR 4401 for judgment as a matter of law. The Supreme Court granted Spencer's motion, and a judgment was entered dismissing the second amended complaint insofar as asserted against Spencer. Spencer appeals from the order dated July 30, 2014, and the plaintiff appeals and Spencer cross-appeals from the judgment.
Spencer's appeal from the order dated July 30, 2014, should be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are bought up for review and have been considered on the plaintiff's appeal from the judgment (see CPLR 5501[a][1]). Spencer's cross appeal from the judgment should be dismissed because it is not aggrieved by the judgment (see CPLR 5511).
In support of its motion for summary judgment, Spencer failed to establish its prima facie entitlement to judgment as a matter of law. Spencer failed to submit evidence in admissible form that would eliminate triable issues of fact as to the relationship or lack thereof between DNP and Forshay as alleged in the second amended complaint and as to Spencer's alleged liability to the plaintiff for breach of contract under a third-party beneficiary theory (see generally Zuckerman v City of New York, 49 NY2d 557; Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 151 AD3d 818; Nanomedicon, LLC v Research Found. of State Univ. of N.Y., 112 AD3d 594, 596; Roche v Bryant, 81 AD3d 707, 708; Matter of AT & S Transp., LLC v Odyssey Logistics & Tech. Corp., 22 AD3d 750, 752). Accordingly, we agree with the Supreme Court's denial of Spencer's motion for summary judgment dismissing the second amended complaint insofar as asserted against it regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (Szczerbiak v Pilat, 90 NY2d 553, 556). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (id. at 556).
Here, viewing the trial evidence in the light most favorable to the plaintiff, there was a rational process by which the jury could base a finding in favor of the plaintiff on the issues of [*3]whether Forshay was a successor in interest to DNP, and whether Spencer was liable for breach of contract to the plaintiff as a third-party beneficiary. Accordingly, the Supreme Court should not have granted Spencer's motion pursuant to CPLR 4401 for judgment as a matter of law, and we must remit the matter to the Supreme Court, Rockland County, for a new trial.
The plaintiff's remaining contention is without merit.
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court