■ In the Matter of the Arbitration between ROBERT TRINGALI, Respondent, and FOCUS ON SPORTS, INC., Also Known as FOCUS ON SPORTS PICTURE AGENCY, INC., Appellant. — Judgment, Supreme Court, New York County (Smith, J.), entered June 15, 1982 granting petitioner's motion for permanent stay of arbitration is unanimously reversed, on the law, without costs, and the matter is remanded to Supreme Court for a hearing to determine whether a valid agreement for arbitration of the dispute was made, and the arbitration is temporarily stayed pending said determination. The fact that the same attorney acted for both parties in connection with the agreement containing the arbitration clause does not per se invalidate the agreement (*Levine v Levine,* 56 NY2d 42) even though that attorney may have been closer to one side than the other. The attorney obtained the consent of both parties, pointed out to them that each side could have its own attorney, and indicated he would only act in their "mutual behalf," essentially to reduce to proper legal form whatever agreement the parties arrived at in their own direct negotiation. Nevertheless we think this representation of both sides by one attorney coupled with petitioner's claim of the dominant position of respondent at least presents a question of fact requiring a hearing as to the validity of the arbitration agreement in all the circumstances. With respect to the claim that the restrictive covenant is so broad as to be against public policy, we think in the

first instance that that is a matter for the arbitrators to consider and that it is premature for the court to pass on it at least until after the arbitrators have made their award, particularly as respondent contends that if the restrictive covenant is too broad, the proper remedy is to narrow it. (Cf. *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d 411, 418-419.) Concur — Ross, J. P., Asch, Silverman, Bloom and Fein, JJ.