# (March 23, 1984)

■ In the Matter of the Estate of DOMENICK CASSONE, by JOHN D. CASSONE et al., Executors, Respondents. ROCCO R. CASSONE et al., Appellants. — In a proceeding pursuant to CPLR 3102 (subd [c]) to obtain disclosure in aid of

bringing an action, Rocco R. Cassone, John J. Cassone, J. J. Cassone Bakery, Inc., Cassone Brothers, Inc., Bent Realty Corp., and J. J. Cassone Bakery, a partnership, appeal from an order of the Supreme Court, Westchester County (Cerrato, J.), entered January 27, 1984, which ordered a hearing on (1) their motion pursuant to CPLR 7503 (subd [a]) to compel arbitration and to stay judicial proceedings and (2) the cross motion of the petitioners pursuant to CPLR 7503 (subd [b]) to stay arbitration, for the purpose of determining whether or not there was in fact a valid agreement to arbitrate. ¶ The order of this court dated March 7, 1984 is deemed to have granted leave to appeal. ¶ Order reversed, on the law, with costs, motion granted, cross motion denied, the parties are directed to proceed to arbitration, and proceedings on the application for discovery in aid of bringing an action and any subsequent action or proceedings between the parties are stayed pending said arbitration. ¶ Petitioners' allegations concerning joint representation of the parties at the time the subject agreement was entered into did not raise a substantial question as to the existence of a valid agreement to arbitrate (see *Levine v Levine,* 56 NY2d 42; *Matter of Tringali [Focus on Sports],* 91 AD2d 887). Petitioners' remaining contentions concern matters reserved for arbitration (see *I.J.S. Fabrics v Dan River, Inc.,* 56 NY2d 755, affg 81 AD2d 525; *Inryco, Inc. v Parsons & Whittemore Contrs. Corp.,* 55 NY2d 666; *Matter of Schlaifer v Sedlow,* 51 NY2d 181). Because petitioners failed to raise a "substantial question whether a valid agreement [to arbitrate] was made" (CPLR 7503, subd [a]), no hearing was warranted. Titone, J. P., Mangano, Thompson and Eiber, JJ., concur.