■ MOISHE WEIN, Appellant, v NEIL ROTHENBERG et al., Respondents.—In a proceeding, *inter alia,* to stay arbitration, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Williams, J.), dated February 17, 1987, as (1) vacated a prior order of the same court, dated July 7, 1986, which, *inter alia,* removed Syche Heschel as arbitrator, (2) reinstated that arbitrator, and (3) denied that portion of the petition which was to strike certain noncompetition clauses of a contract dated March 8, 1983, in their entirety.

Ordered that the order is affirmed insofar as appealed from, with costs.

Our review of the record reveals that the arbitrator chosen by the parties disclosed all facts upon which the claim of bias is premised, that the petitioner nevertheless entered into a new contract by which the arbitrator was reappointed, and that the petitioner proceeded to arbitration with such knowledge. The court therefore properly denied that branch of the petitioner's application which was to disqualify the arbitrator on the ground of bias *(see, Matter of Stevens & Co. [Rytex Corp.],* 34 NY2d 123, 129-130; *Matter of Astoria Med. Group [Health Ins. Plan],* 11 NY2d 128, 136; *De Camp v Good Samaritan Hosp.,* 66 AD2d 766, 768). Moreover, under the circumstances, the issues of economic duress and breach of contract were properly left for resolution by the arbitrator *(see, Matter of Weinrott [Carp],* 32 NY2d 190, 198; *Oberlander v Find Care,* 108 AD2d 798, 799; *I.J.S. Fabrics v Dan Riv., Inc.,* 81 AD2d 525, 526), as were any remaining questions

concerning the legal meaning and the reasonableness of the restrictive covenants *(see, Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341, 347; *Matter of Sprinzen [Nomberg],* 46 NY2d 623, 632; *Matter of Tringali,* 91 AD2d 887, 888). Eiber, J. P., Kooper, Sullivan and Harwood, JJ., concur.