■ In the Matter of AMERICAN CENTENNIAL INSURANCE COMPANY, Appellant, v CHARLES W. WILLIAMS, Respondent. [649 NYS2d 190] —In a proceeding pursuant to CPLR article 75 to stay arbitration of the respondent's underinsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Held, J.), dated December 1, 1995, which denied the petition.

Ordered that the order is reversed, on the law, with costs, and the petition is granted.

It is well settled that a party cannot be compelled to submit to arbitration unless the agreement to arbitrate expressly and unequivocally encompasses the subject matter of the particular dispute (*see, Bowmer v Bowmer,* 50 NY2d 288, 293-294; *Matter of Trump [Refco Props.],* 194 AD2d 70). The burden of proof is on the party seeking arbitration (*see, Marben Realty Co. v Sweeney,* 87 AD2d 561). Although the insurance policy at issue contained an agreement to arbitrate uninsured motorist claims, there was no such agreement with respect to underinsured motorist claims. Furthermore, the time period set forth in CPLR 7503 (c) to commence a proceeding to stay arbitration does not apply here, as the application was made on the ground that no agreement to arbitrate exists (*see, Matter of Matarasso*

*[Continental Cas. Co.]*, 56 NY2d 264). Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.