■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v MICHELE ROSEBORO, Respondent. [667 NYS2d 914] —In a proceeding pursuant to CPLR 7503 to stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (Ain, J.), dated December 19, 1996, which denied the petition. The appeal brings up for review so much of an order of the same court, dated July 1, 1997, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated December 19, 1996, is dismissed, as that order was superseded by the order dated July 1, 1997, made upon reargument; and it is further,

Ordered that the order dated July 1, 1997, is reversed insofar as reviewed, on the law, the order dated December 19, 1996, is vacated, the petition is granted, and arbitration is stayed; and it is further,

Ordered that the appellant is awarded one bill of costs.

A party cannot be compelled to submit to arbitration absent an agreement expressly encompassing the subject matter of the dispute (*see, Matter of American Centennial Ins. Co. v Williams*, 233 AD2d 320; *Matter of Trump [Refco Props.]*, 194 AD2d 70, 74). The respondent Michele Roseboro, as the party seeking arbitration, carried the burden of establishing the existence of a valid agreement to arbitrate the claim in question (*see, Matter of American Centennial Ins. Co. v Williams, supra*). The only insurance policy included in the record does not contain an agreement to arbitrate uninsured motorist claims. Because the appellant sought to stay arbitration permanently on the ground, among other things, that no arbitration agreement existed, the proceeding was not untimely (*see, Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264; *Matter of American Centennial Ins. Co. v Williams, supra; Matter of Allstate Ins. Co. [Richards]*, 178 AD2d 142). Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.