■ MORGOLD, INC., et al., Appellants, v ACA GALLERIES, INC., et al., Respondents. (And a Third-Party Action.) [724 NYS2d 447] —In an action, *inter alia*, to recover damages for conversion, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Winslow, J.), dated December 18, 1999, which, among other things, granted the defendants' cross motion for summary judgment dismissing the amended verified complaint, and (2) a judgment of the same court entered January 26, 2000, dismissing the amended verified complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs payable by the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the plaintiffs' contention, the Supreme Court properly granted the defendants' cross motion for summary judgment. After the defendants established their entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557).

Although Neil Morris, the defendants' purported agent, cloaked himself with the apparent authority, by his own words and conduct, to act on behalf of the defendants, a person cannot, by his own acts, imbue himself with the apparent authority to act for a principal (*see, Standard Funding Corp. v Lewitt,* 89 NY2d 546; *Hallock v State of New York,* 64 NY2d 224; *Greene v Hellman,* 51 NY2d 197; *Ford v Unity Hosp.,* 32 NY2d 464; *Wood v Carter Co.,* 273 AD2d 7; *Shaw Temple A.M.E. Zion Church v Mount Vernon Fire Ins. Co.,* 199 AD2d 374). This is especially true where, as here, the plaintiffs failed to make reasonable inquiries into the ostensible agent's actual authority (*see, Collision Plan Unlimited v Bankers Trust Co.,* 63 NY2d 827; *Ford v Unity Hosp., supra; Legal Aid Socy. v Economic Opportunity Commn.,* 132 AD2d 113).

The plaintiffs' remaining contentions are without merit. Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.