■ BRUCE J. LINDENBAUM, Appellant-Respondent, v ALBANY POST PROPERTY ASSOCIATES, INC., Respondent-Appellant, ANNSVILLE PROPERTIES, LTD., et al., Respondents, et al., Defendants. [747 NYS2d 118]

Contrary to the plaintiff's contention, the Supreme Court properly canceled and discharged the 1990 note and mortgage executed by Steven Shaw, the then-president of the defendant Annsville Properties, Ltd. (hereafter Annsville). The evidence adduced at trial established that the subject note and mortgage represented a gratuitous guarantee by Annsville of Steven Shaw's personal debt, a transaction which was not part of Annsville's ordinary course of business (*see Collision Plan Unlimited v Bankers Trust Co.*, 63 NY2d 827, 830-831). Consequently, the transaction required the consent of two thirds of Annsville's then-shareholders (*see* Business Corporation Law § 908). However, there is no evidence that the requisite consent was obtained, beyond Steven Shaw's representation to the plaintiff that the shareholders approved of the transaction. This was insufficient to establish Steven Shaw's actual authority to bind Annsville in a transaction that was not part of its ordinary course of business (*see Collision Plan Unlimited v Bankers Trust Co., supra*; *U.O.M. Trading Corp. v 85 S. Ocean Realty Corp.*, 251 AD2d 652). Annsville's then-remaining shareholders, Kenneth J. Shaw and the defendant Kenneth G. Shaw, testified that they never consented to the note and mortgage, and did not know about the transaction until February 1994.

The Supreme Court also properly determined that Steven Shaw lacked apparent authority to execute the subject note and mortgage. There is no evidence of words or conduct of the principal corporation, namely Annsville, communicated to the plaintiff as a third party, which gave rise to the appearance and reasonable belief that Steven Shaw possessed authority to enter into the transaction (*see Fleet Bank v Consola, Ricciteli, Squadere Post No. 17*, 268 AD2d 627, 629; *Ben-Reuven v Kid-*

*der, Peabody & Co.,* 241 AD2d 504). An "agent cannot by his own acts imbue himself with apparent authority" (*Fleet Bank v Consola, Ricciteli, Squadere Post No. 17, supra* at 630, quoting *Hallock v State of New York,* 64 NY2d 224, 231; *see also Skyline Agency v Coppotelli, Inc.,* 117 AD2d 135). "This is especially true where, as here, the [plaintiff] failed to make reasonable inquiries into the ostensible agent's actual authority" (*Morgold, Inc. v ACA Galleries,* 283 AD2d 407, 408). Further, the evidence failed to demonstrate that Annsville ratified the transaction by conduct on its part either before or thereafter (*cf. Radnay v Charge & Ride,* 266 AD2d 194).

Accordingly, the determination of the Supreme Court that Steven Shaw lacked actual and apparent authority to execute the subject note and mortgage, was reached upon a fair interpretation of the evidence, and, therefore, will not be disturbed (*see Binns v Billhimer,* 271 AD2d 562).

The plaintiff's remaining contentions are without merit. Goldstein, J.P., McGinity, Adams and Townes, JJ., concur.