■ RONNIE L. NAPOSKI, Appellant, v FIRST NATIONAL BANK OF ATLANTA, Doing Business as WACHOVIA BANK CARD SERVICES, et al., Respondents. [798 NYS2d 62]—

Motion by the defendants to dismiss an appeal from an order of the Supreme Court, Westchester County, entered February 6, 2002, and cross motion by the plaintiff to impose a sanction against the defendants and their counsel, Sullivan & Cromwell, LLP, to disqualify the defendants' counsel, and for an award of costs and an attorney's fee incurred in prosecuting the appeal.

Upon the papers filed in support of the motion and cross motion, the papers filed in opposition thereto, and upon the proceedings before this Court on June 16, 2003, at which the parties had an opportunity to be heard on the issue of sanctions; it is

Ordered that the motion is denied; and it is further,

Ordered that the branch of the cross motion which is to impose a sanction upon the defendants' counsel, Sullivan & Cromwell, LLP, is granted, and the cross motion is otherwise denied; and it is further,

Ordered that within 20 days after service of a copy of this decision and order on motion upon the defendants' counsel, Sullivan & Cromwell, LLP, the defendants' counsel is directed to pay the sum of $5,000 to the Lawyers' Fund for Client Protection of the State of New York; and it is further,

Ordered that the Clerk of the Supreme Court, Kings County, shall enter judgment accordingly (*see* 22 NYCRR 130-1.2); and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order on motion by regular mail.

The defendants maintain that during the pendency of this appeal, they entered into a settlement in a class action entitled *Valloud v Wachovia Bank Card Servs.*, case No. CV 01-

03886LGB (JWJ) (CD Cal) in the State of California which involved claims identical to those in this action. Further, the defendants maintain that this appeal should be dismissed since the plaintiff was a member of the class in the *Valloud* action, and failed to opt out of the settlement in that action. However, the issue of whether the plaintiff received notice of the proposed settlement in the *Valloud* action requires further inquiry in the appropriate forum, i.e., the Supreme Court, Westchester County. Therefore, the motion to dismiss the appeal must be denied.

22 NYCRR 130-1.1 (a) provides that a court may impose financial sanctions in a civil action or proceeding against a party who engages in frivolous conduct. Pursuant to 22 NYCRR 130-1.1 (c) (2), frivolous conduct includes conduct which is "undertaken primarily to delay or prolong the resolution of litigation."

Although the defendants entered into a settlement in the *Valloud* action on September 30, 2002, before the date that the plaintiff served and filed a brief on this appeal, and a final judgment was entered in the *Valloud* action on February 26, 2003, the defendants' counsel did not timely advise the plaintiff of the *Valloud* settlement. Rather, the defendants' counsel twice moved for additional time to submit a respondents' brief and first informed the plaintiff and this Court of the *Valloud* settlement through their filing of this motion to dismiss after the appeal was placed on the Court's calendar.

In addition, at the oral argument on June 16, 2003, the defendants' counsel did not provide any reasonable explanation as to why they delayed approximately nine months after the plaintiff filed the record and brief on this appeal to inform this Court of the *Valloud* settlement. The defendants' counsel had an opportunity to inform the Court of the *Valloud* settlement when counsel twice moved for additional time to submit a respondents' brief and failed to do so. Although this Court granted both motions, the defendants' counsel unnecessarily delayed the resolution of the appeal by filing motions to extend the time to file a respondents' brief while withholding information regarding the *Valloud* settlement and their intent to move to dismiss this appeal. Under these circumstances, the imposition of a sanction in the sum of $5,000 upon the defendants' counsel is appropriate, payable to the Lawyers' Fund for Client Protection of the State of New York. Florio, J.P., Schmidt, Cozier and Crane, JJ., concur.