■ HARRIET BEIZER, Appellant, v BARRY P. BUNSIS, Sued Herein as BARRY A. BUNSIS, et al., Respondents, et al., Defendants. [833 NYS2d 154]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated July 12, 2005, as granted that branch of the motion, in effect, of all defendants except Donald L. Bunsis, which was for summary judgment dismissing the complaint insofar as asserted against the defendants Donald L. Bunsis and Company, Barry P. Bunsis, sued herein as Barry A. Bunsis, and Michael O. Bunsis.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action, inter alia, to recover damages for breach of contract based on the alleged failure of the defendants to repay a series of loans. The plaintiff alleged that between 1989 and 1993, she made a series of loans to Donald L. Bunsis, who received the loans on behalf of the defendant Donald L. Bunsis and Company (hereinafter the partnership), a public accounting firm that consisted of Donald L. Bunsis and his three sons, the defendants Barry P. Bunsis, sued herein as Barry A. Bunsis, Howard Bunsis, and Michael Bunsis. The plaintiff contends that she made these loans to the partnership, and not to Donald L. Bunsis individually, so that the partnership could invest in business ventures. During the pendency of this litigation, Donald L. Bunsis filed for bankruptcy resulting in a stay of the proceedings as to him and a discharge of his obligations to the plaintiff.

A motion was made by, in effect, all of the defendants except Donald L. Bunsis for summary judgment dismissing the complaint insofar as asserted against the moving defendants, on the ground that they were not liable to the plaintiff, as Donald

L. Bunsis did not have either actual or apparent authority to enter into the loan agreements with the plaintiff on the partnership's behalf. The motion was granted. On appeal, the plaintiff challenges only the grant of summary judgment in favor of the partnership, Barry P. Bunsis, sued herein as Barry A. Bunsis, and Michael Bunsis (hereinafter collectively the respondents).

Partnerships are governed by the laws of agency (*see* Partnership Law § 4 [3]). "A partner is the agent of the partnership and his acts may be adopted and enforced by the partnership as its own" (*Bennett Dairy v Putney,* 46 AD2d 1010 [1974]). However, "it is only when it can be seen that a partner is, in fact, acting as an agent of his copartners, that he binds them" (*Bienenstok v Ammidown,* 155 NY 47, 58 [1898]).

The respondents established their prima facie entitlement to summary judgment by demonstrating that the loans were made to Donald L. Bunsis individually, and that they did not have any communication with the plaintiff which would give rise to the appearance and reasonable belief that Donald L. Bunsis possessed apparent authority to enter into the loan agreements on their behalf (*see Lindenbaum v Albany Post Prop. Assoc.,* 297 AD2d 661, 662-663 [2002]; *Morgold, Inc. v ACA Galleries,* 283 AD2d 407, 408 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether there was apparent authority (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). The plaintiff's own affidavit revealed that she relied on her conversations with Donald L. Bunsis and never spoke to the respondents. Moreover, the plaintiff failed to make reasonable inquiries into Donald L. Bunsis's actual authority (*see Lindenbaum v Albany Post Prop. Assoc., supra; Morgold, Inc. v ACA Galleries, supra*).

The plaintiff's contention that the loans were apparently made in the usual course of the business of a public accounting firm and, therefore, binding on the respondents, is without merit (*cf.* Partnership Law § 20 [1]). The partnership agreement did not give Donald L. Bunsis the authority to borrow money on the partnership's behalf. Nor is borrowing money for the purpose of investing in other business ventures an act apparently made "for the carrying on . . . in the usual way" the business of a public accounting firm (*see* Partnership Law § 20 [2]; *Riley v Larocque,* 163 Misc 423, 431 [1937]). Mastro, J.P., Florio, Carni and McCarthy, JJ., concur.