██ Patricia Whitelock, Appellant, v Morgan Stanley Smith Barney, LLC, et al., Respondents. [919 NYS2d 857]—

"[I]n the commercial context generally, the rule is clear that unless the agreement to arbitrate expressly and unequivocally encompasses the subject matter of the particular dispute, a party cannot be compelled to forego the right to seek judicial relief and instead submit to arbitration" (*Bowmer v Bowmer*, 50 NY2d 288, 293-294 [1980]; *see Sammarco v Pepsi-Cola Bottling Co. of N.Y.*, 1 AD3d 341, 342 [2003]; *Computer Assoc. Intl. v Com-Tech Assoc.*, 239 AD2d 379, 380-381 [1997]). The burden of proof is on the party seeking arbitration (*see Matter of Allstate Ins. Co. v Roseboro*, 247 AD2d 379, 380 [1998]; *Matter of American Centennial Ins. Co. v Williams*, 233 AD2d 320 [1996]). Here, the defendants satisfied their burden of establishing the existence of a valid agreement to arbitrate which expressly and unequivocally encompassed the subject matter of the plaintiff's claims (*see Bowmer v Bowmer*, 50 NY2d at 293-294; *Matter of Allstate Ins. Co. v Roseboro*, 247 AD2d at 380). Accordingly, the

Supreme Court properly granted the defendants' motion to stay the action and compel arbitration. Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur.