In a proceeding pursuant to Limited Liability Company Law § 702 for the judicial dissolution of Berita Realty, LLC, and for an accounting, the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered April 25, 2012, as, upon renewal, adhered to a prior determination in an order of the same court (Warshawsky, J.), entered March 8, 2011, granting the motion of Bernadette Strianese to stay the proceeding and compel arbitration.
Ordered that the order entered April 25, 2012, is affirmed insofar as appealed from, with costs.
*721 “[I]n the commercial context generally, the rule is clear that unless the agreement to arbitrate expressly and unequivocally encompasses the subject matter of the particular dispute, a party cannot be compelled to forego the right to seek judicial relief and instead submit to arbitration” (Bowmer v Bowmer, 50 NY2d 288, 293-294 [1980]; see Sammarco v Pepsi-Cola Bottling Co. of N.Y., 1 AD3d 341, 342 [2003]; Computer Assoc. Intl. v Com-Tech Assoc., 239 AD2d 379, 380-381 [1997]). The burden of proof is on the party seeking arbitration (see Matter of Allstate Ins. Co. v Roseboro, 247 AD2d 379, 380 [1998]; Matter of American Centennial Ins. Co. v Williams, 233 AD2d 320 [1996]). The right to arbitrate, like any other contractual right, may be modified, waived, or abandoned (see Sherrill v Grayco Bldrs., 64 NY2d 261, 272 [1985]). A determination that a party has waived the right to arbitrate requires a finding that the party engaged in litigation to such an extent as to “manifest[ ] a preference ‘clearly inconsistent with [its] later claim that the parties were obligated to settle their differences by arbitration’ . . . and thereby elected to litigate rather than arbitrate” (id. at 272, quoting Matter of Zimmerman [Cohen], 236 NY 15, 19 [1923]).
Here, the Supreme Court, upon renewal, properly adhered to the prior determination granting the motion of the respondent Bernadette Strianese to stay the proceeding and compel arbitration. Strianese satisfied her burden of establishing the existence of a valid agreement to arbitrate that expressly and unequivocally encompassed the subject matter of the petitioner’s claims (see Bowmer v Bowmer, 50 NY2d at 293-294; Matter of Allstate Ins. Co. v Roseboro, 247 AD2d at 380; Matter of Ehrlich v Stein, 143 AD2d 908, 910 [1988]). Furthermore, Strianese did not waive her right to arbitrate (see Byrnes v Castaldi, 72 AD3d 718, 719 [2010]; Estate of Castellone v JP Morgan Chase Bank, N.A., 60 AD3d 621, 622 [2009]).
The petitioner’s remaining contentions are without merit. Rivera, J.P., Lott, Roman and Sgroi, JJ., concur.