Gayle v Regeis Care Ctr., LLC (2021 NY Slip Op 01197)





Gayle v Regeis Care Ctr., LLC


2021 NY Slip Op 01197


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Kennedy, Scarpulla, JJ. 


Index No. 28615/17E Appeal No. 13232N Case No. 2020-01339 

[*1]Jean Gayle, as Administratrix of the Estate of Clarence Gayle, Deceased, Plaintiff-Appellant,
v
Regeis Care Center, LLC, et al., Defendants, Jewish Home Lifecare, Manhattan, et al., Defendants-Respondents.


Parker Waichman LLP, Port Washington (Jay L.T. Breakstone of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondents.



Order, Supreme Court, Bronx County (Robert T. Johnson, J.), entered on or about January 30, 2020, which, to the extent appealed from, granted the motion of the Jewish Home defendants to compel arbitration as to them, unanimously reversed, on the law, with costs, and the motion denied.
Plaintiff is the wife and Administratrix of her husband's estate. Prior to the decedent's death, plaintiff and her adult daughter, who is a nonparty to this action, brought the decedent to defendant Jewish Home Lifecare's nursing home facility (JHL) to have him admitted into the facility. At the time decedent was presented for admission, a JHL nurse medically evaluated him and found him to be suffering from physical and cognitive impairments such that he was unable to legally express his wishes or fully understand the proposed legal terms for his admission to the facility. Plaintiff and her daughter received a JHL admission agreement and comprehensive care plan for review and eventually to execute and return. The decedent had no health care proxy or agent pursuant to power of attorney.
After discussing aftercare directives with the decedent's primary physician, the daughter executed medical orders pertaining to life-sustaining treatment and other relevant medical treatment forms as her father's surrogate decision-maker pursuant to Public Health Law § 2994-d. Additionally, and after conversing with plaintiff, the daughter executed the JHL admission agreement (the Agreement) and care plan on her father's behalf.
The daughter's ability to execute the foregoing documents on behalf of her father stems from the statutory authority set out in New York's Family Health Care Decisions Act (FHCDA), found in New York's Public Health Law (PHL) § 2994. The FHCDA authorizes a family member or close friend of a patient, who lacks decisional capacity and who has not set in place prior instructions as to their health care wishes, to serve as the patient's health care representative, with "authority to make any and all health care decisions on the adult patient's behalf that the patient could make" (PHL 2994-d[1], [3][i]). "'Health care decision' means any decision to consent or refuse to consent to health care" (PHL 2994-a[14]). The phrase "health care" is further defined as "any treatment, service, or procedure to diagnose or treat an individual's physical or mental condition" (PHL 2994-a[12]).
Paragraph 11 of the Agreement stated that the "[p]arties may agree that it is in their mutual interest to . . . execute a Binding Arbitration Agreement[,]" which was annexed to the Agreement as an exhibit and that "agreeing to binding arbitration was optional for each party and is not a condition for the . . . admission into the Facility." In addition to executing the Agreement for her father's admission, plaintiff's daughter also executed the Binding Arbitration Agreement.
After decedent's death, plaintiff commenced this wrongful death action on behalf of her husband, alleging violation [*2]of the PHL, medical malpractice and wrongful death. In opposition to JHL's motion to compel arbitration, plaintiff argued, as she does on appeal, that her daughter lacked a power of attorney over decedent's affairs, or authority, to execute the Arbitration Agreement on her father's behalf. Plaintiff is correct.
The authority of the decedent's daughter to act as a "surrogate" decision-maker pursuant to PHL 2994-d at the time decedent was admitted to JHL was limited to making decisions regarding "[a]ny treatment, service, or procedure to diagnose or treat an individual's physical or mental condition" (PHL 2994-a[12]). Although she had authority, pursuant to PHL 2994-d, to execute the Agreement for purposes of admitting her father into the facility for health care treatment, she did not have the authority to execute the Binding Arbitration Agreement on his behalf. Such agreement was entirely optional and had no bearing on the father's health care. Accordingly, it is entirely outside of the purview of surrogate decision-maker's authority set forth in PHL 2994-d. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021