Shefa Trading III, LLC v E.N.Y. Plaza, LLC (2021 NY Slip Op 08273)





Shefa Trading III, LLC v E.N.Y. Plaza, LLC


2021 NY Slip Op 08273


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2018-10506 
2018-10560
 (Index No. 502441/15)

[*1]Shefa Trading III, LLC, appellant,
v
E.N.Y. Plaza, LLC, respondent.


Mischel & Horn, P.C., New York, NY (Scott T. Horn of counsel), for appellant.
Alexander T. Singer, Brooklyn, NY (Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP [Robert A. Spolzino], of counsel), for respondent.



DECISION & ORDER
In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 3, 2018, and (2) an order of the same court dated September 7, 2018. The order dated August 3, 2018, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. The order dated September 7, 2018, insofar as appealed from, granted the defendant's motion to discharge and cancel the notice of pendency filed in the action.
ORDERED that the order dated August 3, 2018, is affirmed; and it is further,
ORDERED that the order dated September 7, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On July 12, 2004, Samuel Fleischman, Avi Shriki, and Mordechai Danino executed an operating agreement, whereby they formed E.N.Y. Plaza, LLC, a limited liability company (hereinafter the defendant). Fleischman, Shriki, and Mordechai Danino each held a one-third interest in the defendant, the sole asset of which is a building located in Brooklyn (hereinafter the subject property).
Paragraph 12 of the operating agreement provides, in sum and substance, that all decisions respecting the management, operation, and control of the defendant "shall be made by the unanimous vote or consent of the [m]embers." Further, Paragraph 13 expressly prohibits any member from, inter alia, transferring or disposing of all or any part of his interest in the defendant "without the prior written consent of the other [m]embers in each instance." In a written agreement dated January 5, 2012, the members consented to the transfer of Mordechai Danino's interest in the defendant to Alad Danino, thus making Alad Danino a member along with Fleischman and Shriki.
In April 2014, Fleischman negotiated a contract of sale on behalf of the defendant to [*2]sell the subject property to The Edge Realty Group, LLC (hereinafter The Edge). In November 2014, The Edge assigned all of its rights under the contract of sale to the plaintiff. Section 10.01(e) of the contract of sale required the written consent of the members as one of the defendant's closing obligations "to the extent required by the . . . operating agreement."
In March 2015, the plaintiff commenced this action against the defendant alleging, inter alia, that the defendant failed to perform its contractual obligations. After completion of discovery, the defendant moved for summary judgment dismissing the complaint and to discharge the notice of pendency that had been filed by the plaintiff. In support of that branch of its motion which was for summary judgment dismissing the complaint, the defendant argued that the contract of sale could not be enforced, as Fleischman did not have either actual or apparent authority to unilaterally enter into the contract on the defendant's behalf. In an order dated August 3, 2018, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. In an order dated September 7, 2018, the court granted the defendant's separate motion to discharge and cancel the notice of pendency filed in the action. The plaintiff appeals.
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that Alad Danino, Shriki, and Fleischman were the three members of the defendant, that the operating agreement required unanimous consent of the members to transfer or dispose of any member's interest therein, that Fleischman had no authority to unilaterally enter into the contract of sale on behalf of the defendant, and that the contract of sale expressly required proof of compliance with the operating agreement as a condition of closing (see Ahmed v Fulton St. Bros. Realty, 107 AD3d 832, 833). The contract of sale violated the express provisions of the operating agreement and thus failed to satisfy a condition of closing. Even in the absence of any provision in the operating agreement requiring unanimous prior consent of all the members, the contract of sale violated Limited Liability Company Law § 402 requiring, in relevant part, the vote of a majority of the members to approve the sale of "all or substantially all of the assets of the limited liability company" (see Limited Liability Company Law § 402[d][2]).
To the extent the plaintiff contends that Fleischman possessed apparent authority to enter into the contract of sale on behalf of the defendant, such contention is without merit. "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction. The agent cannot by his [or her] own acts imbue himself [or herself] with apparent authority" (Hallock v State of New York, 64 NY2d 224, 231). Here, the evidence demonstrated, at best, that the plaintiff relied upon conversations with Fleischman and the defendant's attorney, never communicated with the defendant's other members, and failed to make reasonable inquiries into Fleischman's actual authority (see ER Holdings, LLC v 122 W.P.R. Corp., 65 AD3d 1275, 1277; Beizer v Bunsis, 38 AD3d 813, 813-814; Lindenbaum v Albany Post Prop. Assoc., 297 AD2d 661, 662-663).
In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Since the defendant was entitled to summary judgment dismissing the complaint, the Supreme Court properly granted the defendant's motion to discharge and cancel the notice of pendency filed in the action, nunc pro tunc (see Ravi Group, LLC v Scott, 186 AD3d 1740).
In light of our determination, we need not reach the defendant's remaining contention.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court