Wolf v Hollis Operating Co., LLC (2022 NY Slip Op 06954)

Wolf v Hollis Operating Co., LLC

2022 NY Slip Op 06954

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-04220
 (Index No. 716586/20)

[*1]William Wolf, etc., appellant,
v
Hollis Operating Co., LLC, et al., respondents.

Dalli & Marino, LLP (John Dalli and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, New York, NY (Carl A. Formicola of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated June 8, 2021. The order granted the defendants' motion to compel arbitration.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith and a new determination of the defendants' motion thereafter.
In April 2017, following a heart attack and a hospital stay, the plaintiff's decedent was admitted to a skilled nursing facility (hereinafter the nursing home) owned and operated by the defendants. Upon admission, the nursing home's staff noted that the decedent suffered from delirium superimposed on dementia, among other diagnoses. The plaintiff, who is the decedent's son, went to the nursing home after the decedent had been admitted. When the plaintiff arrived, the nursing home's administrator allegedly provided him with signature pages from the facility's standard admission agreement, but not the full agreement, and asked him to sign them. The plaintiff complied, and only thereafter received a blank copy of the full admission agreement from the administrator, including unsigned versions of the pages he had just signed. The admission agreement contained an arbitration provision featuring its own signature page, and this page was among those the plaintiff had executed. On February 9, 2019, the decedent allegedly was pushed by another resident, causing him to fall and sustain injuries. The decedent died on February 15, 2019.
After the plaintiff was appointed administrator of the decedent's estate, he commenced this action on behalf of the estate to recover damages for personal injuries. The complaint alleged that the defendants' negligence led to the decedent's fall and resulting injuries. After interposing an answer, the defendants moved to compel arbitration. The plaintiff opposed the motion. By order dated June 8, 2021, the Supreme Court granted the defendants' motion. The plaintiff appeals.
A party seeking to compel arbitration must establish "the existence of a valid agreement to arbitrate" (Matter of Cusimano v Berita Realty, LLC, 103 AD3d 720, 721; see Whitelock v Morgan Stanley Smith Barney, LLC, 82 AD3d 1212, 1212). Here, the defendants failed to meet that burden because they did not submit sufficient evidence of the plaintiff's authority to bind the decedent to arbitration at the time he signed the admission agreement on the decedent's [*2]behalf. Most significantly, the defendants failed to submit the instrument through which the plaintiff allegedly derived his authority to bind the decedent to arbitration (cf. Sunshine Care Corp. v Warrick, 100 AD3d 981, 981-982). Evidence showing that the plaintiff represented to the defendants that he held a power of attorney when signing the admission agreement was insufficient to establish that he, in fact, held such authority as a matter of law (see Shefa Trading III, LLC v E.N.Y. Plaza, LLC, 192 AD3d 937, 939). Contrary to the defendants' further contention, neither the plaintiff's status as the decedent's son (see Gayle v Regeis Care Ctr., LLC, 191 AD3d 598, 599-600; Maurillo v Park Slope U-Haul, 194 AD2d 142, 146), nor his apparent willingness to be the decedent's "responsible party" under the terms of the admission agreement (see Sunshine Care Corp., 100 AD3d at 981-982), have any bearing on his authority to bind the decedent to arbitration.
Since the defendants failed to meet their prima facie burden of demonstrating the existence of a valid agreement to arbitrate, we need not consider the sufficiency of the plaintiff's submissions in opposition (see Listwon v 500 Metro. Owner, LLC, 188 AD3d 1028, 1030).
Under the circumstances, the Supreme Court should have held an evidentiary hearing to determine whether the plaintiff possessed the requisite authority to bind the decedent to arbitration (see Pirraglia v Jofsen, Inc., 148 AD3d 648, 648-649; Matter of Jalas v Halperin, 85 AD3d 1178, 1181-1182; Ross v Kent Ave. Prop. 1-B, LLC, 85 AD3d 894, 895; Weiss v Kozupsky, 237 AD2d 514, 514-515; O'Brien v Bache Halsey Stuart Shields, 80 AD2d 846, 846; cf. Matter of Cassone, 100 AD2d 606, 607, affd 63 NY2d 756). Accordingly, we remit the matter to the Supreme Court, Queens County, for that purpose, and for a new determination of the defendants' motion to compel arbitration thereafter.
The plaintiff's remaining contentions are without merit.
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court