Estate of Kraft v Kraft (2023 NY Slip Op 05122)

Estate of Kraft v Kraft

2023 NY Slip Op 05122

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-07034
 (Index No. 605394/18)

[*1]Estate of Harriet L. Kraft, etc., et al., respondents,
v
David Kraft, appellant, et al., defendant.

Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for appellant.
Richard J. Kaufman, P.C., Port Jefferson, NY, for respondents.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that a deed is null and void, the defendant David Kraft appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated September 17, 2021. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the second, third, and seventh causes of action and the fifth cause of action insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant David Kraft which were for summary judgment dismissing the second and third causes of action and the fifth cause of action insofar as asserted against him, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
Harriet L. Kraft and Richard J. Kraft, Sr., were married and had five children together, two of whom are Linda A. Meyers and the defendant David Kraft (hereinafter the appellant). In March 2012, Harriet died, and Richard inherited from her a one-half interest in a one-family house located in Suffolk County (hereinafter the subject premises). Harriet's will specifically disinherited the appellant.
The appellant moved into the subject premises and agreed to pay rent of $1,300 per month pursuant to a written agreement dated July 23, 2013, which was signed by Richard, the appellant, and his siblings. In August 2013, Meyers was designated the executor of Harriet's estate, and the appellant alleged that Meyers took the rent and placed it into an account in her own name.
According to the appellant, thereafter, he entered into an oral agreement with Richard and the defendant Anna May Delaney, the appellant's aunt and the owner of the other one-half interest in the subject premises, to pay taxes and insurance on the property in lieu of rent. In August 2015, Richard executed a quitclaim deed conveying his interest in the subject premises to the appellant. A few months later, in November 2015, Richard died.
In March 2018, Harriet's estate, by Meyers as executor, and Richard's estate, by Meyers as executor, commenced this action, inter alia, for a judgment declaring that the quitclaim [*2]deed is null and void and to recover damages for fraud and breach of contract, alleging, among other things, that the conveyance of the subject premises to the appellant was the result of fraud and undue influence. Thereafter, the appellant moved, inter alia, for summary judgment dismissing the causes of action asserted by Harriet's estate against him alleging undue influence (second cause of action) and fraud (third cause of action) in the conveyance of the subject premises, the cause of action asserted by Harriet's estate to recover damages for fraud (fifth cause of action) insofar as asserted against him, and the cause of action asserted by Harriet's estate against him to recover damages for breach of the rental agreement (seventh cause of action), arguing, among other things, that Harriet's estate lacked standing to assert those causes of action. In an order dated September 17, 2021, the Supreme Court, inter alia, denied those branches of the appellant's motion. This appeal ensued.
The Supreme Court should have granted those branches of the appellant's motion which were for summary judgment dismissing the second and third causes of action and the fifth cause of action insofar as asserted against him. Those causes of action, alleging undue influence and fraud upon Richard, a beneficiary of Harriet's estate, were personal to Richard, and Harriet's estate did not suffer any injury in fact. "A plaintiff has standing to maintain an action upon alleging an injury in fact that falls within his or her zone of interest. The existence of an injury in fact—an actual legal stake in the matter being adjudicated—ensures that the party seeking review has some concrete interest in prosecuting the action which casts the dispute in a form traditionally capable of judicial resolution" (Silver v Pataki, 96 NY2d 532, 539 [internal quotation marks omitted]; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-773), and an injury in fact to Harriet's estate was not present here.
Further, a fraud claim is personal to the defrauded party. Consequently, only the defrauded party has standing to assert a fraud claim (see Kuiters v Kukulka, 57 AD3d 1469, 1470; Aymes v Gateway Demolition, Inc., 30 AD3d 196, 197). Here, Harriet's estate lacked standing because the alleged misrepresentations were made by the appellant only to Richard. There were no allegations that the appellant made fraudulent misrepresentations to Harriet or the executor of Harriet's estate.
With respect to the seventh cause of action, alleging breach of the rental agreement, Richard, as sole beneficiary of Harriet's residuary estate, had the power to elect to take the property in kind, but only through an unequivocal expression of an intent to do so (see Capozzola v Oxman, 216 AD2d 509; Matter of Fello, 88 AD2d 600, affd 58 NY2d 999). However, there is no evidence of such an unequivocal expression of such an intent at the time the rental agreement was made, since Richard himself signed that agreement. The seventh cause of action cannot be dismissed for lack of standing, since Harriet's estate held title to an interest in the subject premises at the time the rental agreement was made, and it appears that Richard did not express an unequivocal intent to take the property in kind until later. Accordingly, the Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing the seventh cause of action.
BARROS, J.P., MALTESE, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court