DiGregorio v Long Is. Univ. (2023 NY Slip Op 05711)

DiGregorio v Long Is. Univ.

2023 NY Slip Op 05711

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-06496
 (Index No. 509867/21)

[*1]Robert DiGregorio, respondent, 
v
Long Island University, appellant.

Clifton Budd & DeMaria, LLP, New York, NY (Douglas P. Catalano and Stefanie Toren of counsel), for appellant.
Stevenson Marino LLP, Melville, NY (Justin R. Marino of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated July 29, 2021. The order denied the defendant's motion pursuant to CPLR 7503 to compel arbitration and to stay the action.
ORDERED that the order is affirmed, with costs.
The defendant employed the plaintiff as a full-time faculty member. In a letter dated August 14, 2017, the defendant offered the plaintiff an "administrative appointment," during which the plaintiff was to "be on a leave of absence from [his] tenured faculty position" with "the right to return to [his] faculty position." In January 2021, the defendant terminated the plaintiff's employment.
Thereafter, the plaintiff commenced this action, alleging, inter alia, that the defendant breached the 2017 offer letter by refusing to reinstate him as a faculty member. The defendant moved pursuant to CPLR 7503 to compel arbitration and to stay the action, submitting in support its collective bargaining agreement with the union representing the defendant's "regular full-time faculty members" (hereinafter the CBA). The CBA specifies that it does not cover "administrators." In an order dated July 29, 2021, the Supreme Court denied the defendant's motion. The defendant appeals.
"A party seeking to compel arbitration must establish 'the existence of a valid agreement to arbitrate'" (Wolf v Hollis Operating Co., LLC, 211 AD3d 769, 770, quoting Matter of Cusimano v Berita Realty, LLC, 103 AD3d 720, 721). "'When deciding whether the parties agreed to arbitrate a certain matter . . . courts generally . . . should apply ordinary state-law principles that govern the formation of contracts'" (Mozzachio v Schanzer, 188 AD3d 873, 874, quoting First Options of Chicago, Inc. v Kaplan, 514 US 938, 944). "'The agreement must be clear, explicit and unequivocal and must not depend upon implication or subtlety'" (Ferarro v East Coast Dormer, Inc., 209 AD3d 717, 718, quoting Matter of Waldron [Goddess], 61 NY2d 181, 183-184). "Generally, where a collective bargaining agreement containing a grievance and arbitration procedure exists, a covered employee may not sue his or her employer directly for breach of the agreement, but must [*2]proceed through the union in accordance with the contract" (Lundgren v Kaufman Astoria Studios, 261 AD2d 513, 514).
Here, the defendant failed to submit evidence that, at the time the plaintiff's employment was terminated, the plaintiff was a covered employee under the CBA, which explicitly excludes administrators (see Maryland Cas. Co. v Realty Advisory Bd. on Labor Relations, 107 F3d 979, 983 [2d Cir]). Furthermore, contrary to the defendant's contention, the grievance provisions of the CBA, which exclude "substantive matters of appointment, reappointment, promotion, and assignment," do not evince a clear, explicit, and unequivocal agreement to arbitrate all disputes requiring the interpretation of the terms of the CBA (see Tamburino v Madison Sq. Garden, LP, 115 AD3d 217, 223; Ambrosino v Village of Bronxville, 58 AD3d 649, 652; cf. Ibarra v 101 Park Rest. Corp., 140 AD3d 700, 702).
Accordingly, the Supreme Court properly denied the defendant's motion to compel arbitration and to stay the action (see Wolf v Hollis Operating Co., LLC, 211 AD3d at 771).
In light of our determination, the parties' remaining contentions need not be reached.
BARROS, J.P., CHRISTOPHER, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court