Lisi v New York Ctr. for Rehabilitation & Nursing (2024 NY Slip Op 01171)

Lisi v New York Ctr. for Rehabilitation & Nursing

2024 NY Slip Op 01171

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-05080
 (Index No. 705559/20)

[*1]Carmella Lisi, etc., appellant, 
v
New York Center for Rehabilitation and Nursing, et al., defendants, Pavilion at Queens for Rehabilitation, respondent.

Parker Waichman, LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), for appellant.
Sheeley LLP, New York, NY (David Henry Sculnick of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered July 9, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant Pavilion at Queens for Rehabilitation which was pursuant to CPLR 7503 to compel arbitration.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Pavilion at Queens for Rehabilitation which was pursuant to CPLR 7503 to compel arbitration is denied.
The plaintiff, as the administrator of the estate of Maria Lisi (hereinafter the decedent), commenced this action, inter alia, to recover damages for wrongful death against, among others, the defendant Pavilion at Queens for Rehabilitation (hereinafter the Facility). The complaint alleged that the decedent suffered personal injuries and death while in the Facility's care.
The Facility moved, inter alia, pursuant to CPLR 7503 to compel arbitration. In support of that branch of its motion, the Facility submitted an admission agreement (hereinafter the agreement), which contained an arbitration clause requiring the parties thereto to submit any controversy or claim arising from the agreement to arbitration. The agreement was not signed by the decedent. The plaintiff signed the agreement as the "Responsible Party" and thereby agreed to be "primarily responsible to assist the [decedent to] meet . . . her obligations under [the agreement]." In support of the subject branch of its motion, the Facility argued that the plaintiff had signed the agreement on behalf of the decedent and had apparent authority to act on the decedent's behalf. In the order appealed from, the Supreme Court, among other things, granted that branch of the motion, determining that the plaintiff had been cloaked with the apparent authority to act for the decedent. The plaintiff appeals.
A party seeking to compel arbitration has the burden of establishing the existence of a valid agreement (see Wolf v Hollis Operating Co., LLC, 211 AD3d 769, 770; Matter of Cusimano v Berita Realty, LLC, 103 AD3d 720, 721; see also Rubinstein v C & A Mktg., Inc., 205 AD3d 832, 834). Here, the Facility failed to meet that burden, as the agreement was not signed by the decedent and it failed to establish that the plaintiff was authorized to bind the decedent to arbitration at the time that the plaintiff signed the admission agreement on her own behalf.
"Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction. The agent cannot by [her or] his own acts imbue [herself or] himself with apparent authority. Rather, the existence of apparent authority depends upon a factual showing that the third party relied upon the misrepresentation of the agent because of some misleading conduct on the part of the principal  not the agent. Moreover, a third party with whom the agent deals may rely on an appearance of authority only to the extent that such reliance is reasonable" (Hallock v State of New York, 64 NY2d 224, 231 [citations and internal quotation marks omitted]; see Indosuez Intl. Fin. v National Reserve Bank, 98 NY2d 238, 245-246; Standard Funding Corp. v Lewitt, 89 NY2d 546, 551).
Here, the Facility failed to demonstrate that it reasonably relied upon any word or action of the decedent to conclude that the plaintiff had the apparent authority to enter into the agreement or to bind the decedent to arbitration on the decedent's behalf (see Sherrod v Mount Sinai St. Luke's, 204 AD3d 1053, 1058). To the extent that the Facility contends that it reasonably relied upon the plaintiff's own acts, this contention is also without merit, as an agent cannot "by [her] own acts imbue [her]self with apparent authority" (Hallock v State of New York, 64 NY2d at 231; see Ford v Unity Hosp., 32 NY2d 464, 473; Sherrod v Mount Sinai St. Luke's, 204 AD3d at 1058-1059). Further, contrary to the Supreme Court's determination, the plaintiff's status as the decedent's daughter did not give rise to an agency relationship (see Wolf v Hollis Operating Co., LLC, 211 AD3d at 771; Maurillo v Park Slope U-Haul, 194 AD2d 142, 146).
Accordingly, the Supreme Court should have denied that branch of the Facility's motion which was pursuant to CPLR 7503 to compel arbitration.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court