Donnelly v Teachers Fed. Credit Union (2024 NY Slip Op 03408)

Donnelly v Teachers Fed. Credit Union

2024 NY Slip Op 03408

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-00113
 (Index No. 610111/20)

[*1]Annie Donnelly, etc., respondent,
v
Teachers Federal Credit Union, appellant.

Litchfield Cavo, LLP, New York, NY (Brian S. Gitnik and James Branit of counsel), for appellant.
Richman & Levine, P.C., Garden City, NY (Seth A. Levine and Sophia Gold of counsel), for respondent.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated December 6, 2021. The order denied the defendant's motion pursuant to CPLR 7503(a) to compel arbitration and stay all proceedings in the action pending arbitration and pursuant to CPLR 3211(a)(3) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In 2020, the plaintiff commenced this putative class action against the defendant, alleging, among other things, that the defendant breached its account agreement with the plaintiff and those similarly situated to her by charging certain fees relating to checking accounts. Prior to interposing an answer, the defendant moved pursuant to CPLR 7503(a) to compel arbitration and stay all proceedings in the action pending arbitration and pursuant to CPLR 3211(a)(3) to dismiss the complaint on the ground that the plaintiff lacked standing. In support of that branch of the defendant's motion which was to dismiss the complaint on the ground that the plaintiff lacked standing, the defendant submitted evidence that it refunded the disputed fees to the plaintiff's account prior to her commencement of this action. In an order dated December 6, 2021, the Supreme
Court denied the defendant's motion. The defendant appeals.
The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 7503(a) to compel arbitration and stay all proceedings in the action pending arbitration. "A party seeking to compel arbitration must establish 'the existence of a valid agreement to arbitrate'" (DiGregorio v Long Is. Univ., 221 AD3d 780, 781, quoting Wolf v Hollis Operating Co., LLC, 211 AD3d 769, 770 [internal quotation marks omitted]). "'[A] party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent evidence which affirmatively establishes that [he or she] expressly agreed to arbitrate the[ ] dispute[ ]' at issue" (Matter of Mirzakandov v Mazal U Bracha, LLC, 216 AD3d 966, 967, quoting Ferraro v East Coast Dormer, Inc., 216 AD3d 717, 718). Here, although the defendant submitted evidence that it had amended its account agreement with the plaintiff in December 2019 to include an arbitration provision (hereinafter the arbitration amendment), the record demonstrates that the arbitration [*2]amendment was provided to the plaintiff as part of an "eStatement" after she had already commenced a related federal action challenging the disputed fees and while the federal action remained pending. Further, the record demonstrates that the plaintiff expressly rejected the arbitration amendment through counsel when it was received in January 2020, also while the federal action remained pending. Under these circumstances, the defendant failed to establish that the plaintiff assented to arbitration (see e.g. Kamel v Ahgelian, 210 AD3d 973, 973; cf. Tsadilas v Providian Natl. Bank, 13 AD3d 190, 190; Kai Peng v Uber Technologies, Inc., 237 F Supp 3d 36, 48 [ED NY]).
The Supreme Court also properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint on the ground that the plaintiff lacked standing. "'A plaintiff has standing to maintain an action upon alleging an injury in fact that falls within his or her zone of interest'" (Estate of Kraft v Kraft, 220 AD3d 748, 750, quoting Silver v Pataki, 96 NY2d 532, 539). Contrary to the defendant's contention, its unilateral attempt to refund the plaintiff's disputed fees did not render the instant action academic (see Naposki v First Natl. Bank of Atlanta, 18 AD3d 835, 835-836).
We note that, to the extent the plaintiff contends that she is entitled to an award of interest and damages pursuant to General Business Law § 349, any determination of those awards at this juncture would be premature.
The plaintiff's remaining contention is without merit.
Accordingly, the defendant's motion pursuant to CPLR 7503(a) to compel arbitration and stay all proceedings in the action pending arbitration and pursuant to CPLR 3211(a)(3) to dismiss the complaint was properly denied.
BARROS, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court