Chrzan v Malinowski (2025 NY Slip Op 05788)

Chrzan v Malinowski

2025 NY Slip Op 05788

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-12320
 (Index No. 513388/21)

[*1]Jan Chrzan, plaintiff, 
v
Bogdan Malinowski, et al., defendants third-party plaintiffs-respondents, M & A Projects Restoration, Inc., defendant third-party-defendant-appellant, et al., defendants.

Gartner + Bloom P.C., New York, NY (Kelsey Dougherty Howard and Susan P. Mahon of counsel), for defendant third-party-defendant-appellant.
Shearer P.C., Locust Valley, NY (Douglas Shearer of counsel), for defendants third-party plaintiffs-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party defendant appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated September 1, 2023. The order denied the defendant third-party defendant's motion to compel arbitration and to stay the third-party action and granted the defendants third-party plaintiffs' cross-motion, inter alia, to permanently stay arbitration.
ORDERED that the order is affirmed, with costs.
In June 2021, the plaintiff commenced this action against, among others, the defendants third-party plaintiffs, Bogdan Malinowski and Wiloetta Malinowski (hereinafter together the Malinowskis), and the defendant third-party defendant, M & A Projects Restoration, Inc. (hereinafter M & A), to recover damages for personal injuries he allegedly sustained while working for M & A at a property owned by the Malinowskis. In March 2023, the Malinowskis commenced a third-party action against M & A seeking contribution and indemnification based upon a contract that the Malinowskis entered into with M & A. Thereafter, M & A moved to stay the third-party action and to compel arbitration of the dispute pursuant to the contract's arbitration clause. The Malinowskis opposed the motion and cross-moved, inter alia, to permanently stay arbitration. In an order dated September 1, 2023, the Supreme Court denied M & A's motion and granted the Malinowskis' cross-motion. M & A appeals.
"A party seeking to compel arbitration must establish the existence of a valid agreement to arbitrate" (DiGregorio v Long Is. Univ., 221 AD3d 780, 781 [internal quotation marks omitted]; see Wolf v Hollis Operating Co., LLC, 211 AD3d 769, 770). General Business Law § 399-c "voids binding arbitration clauses in any written contract for the sale or purchase of consumer goods to which a consumer is a party" (Byrnes v Castaldi, 72 AD3d 718, 720; see General Business Law § 399-c[2]; Ragucci v Professional Constr. Servs., 25 AD3d 43).
Here, the arbitration clause contained in the contract between the Malinowskis and M & A is null and void pursuant to General Business Law § 399-c. The contract's arbitration clause was mandatory, as it required the parties thereto to submit to arbitration and indicated that the decision of the arbitrator would be final (see General Business Law § 399-c[1][c]; Ragucci v Professional Constr. Servs., 25 AD3d at 48). M & A entered into the contract to perform renovation work at the Malinowskis' home. "Contracts between homeowners and providers of services relating to their homes are among the category of contracts covered by [General Business Law § 399-c]" (Smith v Nobiletti Bldrs., Inc., 177 AD3d 807, 809; see Byrnes v Castaldi, 72 AD3d at 721). Further, the Malinowskis are consumers for the purposes of General Business Law § 399-c since they both are "natural person[s] residing in this state" (General Business Law § 399-c[1][a]; see Ragucci v Professional Constr. Servs., 25 AD3d at 47).
Accordingly, the Supreme Court properly denied M & A's motion to compel arbitration and to stay the third-party action and granted the Malinowskis' cross-motion, inter alia, to permanently stay arbitration.
LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court